# In the United States Court of Federal Claims

No. 25-175
(Filed: April 28, 2025)
(NOT FOR PUBLICATION)

* * * * * * * * * * * * * * * * * * * * * * * *

QUINCETTA YVONNE CARGILL,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

    Pending before us is defendant's motion to dismiss (ECF No. 9). Plaintiff, proceeding *pro se*, filed this civil action against the United States on January 30, 2025. ECF No. 1. Initially, plaintiff did not pay this court's filing fee. We found that plaintiff is barred from proceeding *in forma pauperis* and ordered her to pay the filing fee. *See* ECF No. 6. In response, plaintiff moved to proceed *in forma pauperis* and filed a prisoner authorization form to pay her filing fees. ECF Nos. 7–8. Subsequently, defendant moved to dismiss. ECF No. 9. Defendant argues that we lack jurisdiction because plaintiff's claims are frivolous and beyond our jurisdiction. *Id.* at 2–4. Plaintiff responds that her claims arise under the United States Constitution and are not frivolous. ECF No. 10. Plaintiff also filed a document styled "notice of imminent danger." ECF No. 10, Attach. 1.

    As we explain below, plaintiff's claims are beyond our jurisdiction and frivolous. Accordingly, we grant defendant's motion to dismiss. Further, we deny plaintiff's motion to proceed *in forma pauperis* and the request for reconsideration contained in her "notice of imminent danger."

Plaintiff claims she is wrongfully imprisoned. *See* ECF No. 1 at 12–14. Incarcerated in West Virginia, *id.* at 10, plaintiff is serving a 180-month sentence for conspiracy to commit mail and wire fraud, *see United States v. Cargill*, No. 20-13507, 2022 WL 4375292, at *1, 3–5, 8 (11th Cir. Sept. 22, 2022). Styling herself a "sovereign nation," "sole shareholder," and "god and master" of the "corporation" "QUINCETTA Y. CARGILL©," plaintiff alleges that the government imprisoned and fined her (and her corporate alter ego) without her consent. ECF No. 1 at 2–3, 5–6, 11. Plaintiff argues that her incarceration constitutes wrongful imprisonment, an illegal taking of property (i.e., her body), forced servitude under the Thirteenth Amendment, a tort under the Alien Tort Statute, and torture under international law. *Id.* at 3–4, 10–11. Plaintiff seeks relief in the form of damages totaling over $10,000,000 and release from prison. *Id.* at 12–14.

Defendant moves to dismiss under Rule 12(b)(1) and 28 U.S.C. § 1915(e). Under Rule 12(b)(1), we must dismiss plaintiff's case if we lack subject matter jurisdiction. RCFC 12(b)(1). As for § 1915, it mandates that we "dismiss [a] case" if the claim is "frivolous," "malicious," "or fails to state a claim on which relief may be granted." 28 U.S.C § 1915(e)(2)(B)(i)–(ii). Defendant also asks that we certify in writing that any appeal from this order will not be "taken in good faith." § 1915(a)(3).

Defendant argues that plaintiff's claims are beyond our jurisdiction because they are rooted in sovereign citizen legal theories. After describing said theories, defendant asserts that "[t]he present complaint bears the hallmarks of a sovereign citizen complaint." ECF No. 9 at 2. Defendant notes that courts uniformly reject claims based on sovereign citizen theories and concludes we should do likewise.

Plaintiff responds that defendant's motion falls short. Plaintiff alleges her claims are based on the equal protection and due process provisions of constitutional, "state, local, and international laws." ECF No. 10 at 1. Plaintiff argues that the Uniform Commercial Code ("UCC") confirms that she owns "the named property" (i.e., her body), which the government took without her consent. *Id.* at 2. Plaintiff also states that she has neither contracted with, nor recognizes the authority of, the federal government. *Id.* at 3–5. So, she reasons, we must order her release. *See id.* Plaintiff's "notice of imminent danger" also asks that we allow her to litigate *in forma pauperis*.

2

We begin with plaintiff's "notice of imminent danger." We construe the "notice" as a motion to reconsider our order that she cannot proceed *in forma pauperis*. *See* ECF No. 6. Understood as such, we deny the motion.

28 U.S.C. § 1915(g), also known as the "three-strikes bar," mandates that prisoner plaintiffs cannot litigate *in forma pauperis* if courts have dismissed three or more of their cases as frivolous or for failure to state a claim. 28 U.S.C. § 1915(g); ECF No. 6. That said, § 1915(g) contains an exception to the three-strikes bar: if an otherwise barred plaintiff can show that she faces "imminent danger of serious physical injury," she may litigate *in forma pauperis*. § 1915(g).

We held that plaintiff is three-strikes barred, given that other courts have dismissed more than three of her cases for failure to state a claim. *See* ECF No. 6 at 1–2. In our three-strikes order, we noted the imminent danger exception but concluded that it did not apply since plaintiff did not allege that she faces imminent danger. *Id.* at 2 n.1.

Now, plaintiff alleges that she faces imminent danger. First, she claims she has an untreated parasite infection. ECF No. 10, Attach. 1 at 12. Second, she notes that there is a measles outbreak in the prison. *Id.* at 12–13. Third, she complains that armed guards force her to wear chains and handcuffs. *Id.* at 14. Fourth, plaintiff notes that prisoners have accused guards of sexual and physical assault. *Id.* at 15, 18–19.

Plaintiff's allegations do not show imminent danger. As to parasites, plaintiff concedes that prison medical staff examined her stool samples and found no signs of infection, despite plaintiff's claim that the parasites "gather nearest to my rectum." *Id.* at 12–13. While plaintiff may disagree with the medical staff, disagreement over a parasite diagnosis is not imminent danger. *Cf. Bell v. Admin. of Fulton Cnty. Jail*, No. 1:20-CV-4745-WMR-LTW, 2021 WL 11707625, at *1 (N.D. Ga. Feb. 2, 2021). Nor does a potential measles infection amount to imminent danger. *Cf. Crane v. Comm'r D.O.C.*, No. 3:23-cv-0059, 2023 WL 8442307, at *4 (S.D. W. Va. Nov. 8, 2023) ("Potential exposure to COVID-19 does not qualify as an emergency 'imminent danger' situation contemplated by § 1915(g)."). And the presence of armed guards and handcuffs is likewise not a form of imminent danger.

3

*Cf. Turner v. Cnty. of San Diego*, No. 3:20-cv-00163-JAH-AHG, 2020 WL 905633, at *3 (S.D. Cal. Feb. 25, 2020) (tight handcuffs); *Marshall v. Dep't of Corrections*, No. 4:09cv78-RH/AK, 2009 WL 1873745, at *1 (N.D. Fla. June 27, 2009) ("[V]ague . . . non-specific threats and 'danger' at the hands of corrections officers" is not evidence of imminent danger). Lastly, plaintiff's allegations that guards have previously sexually and physically abused other prisoners does not establish imminent danger to *plaintiff*.

All in all, plaintiff does not qualify for § 1915(g)'s exception. As a result, we must deny her request to reconsider our order finding that she is three-strikes barred.

Moving on, we examine whether plaintiff's claims are frivolous and outside our jurisdiction. Plaintiff bears the burden of proving that we have jurisdiction by a preponderance of the evidence. *Fletcher v. United States*, 26 F.4th 1314, 1321 (Fed. Cir. 2022). Although we hold *pro se* litigants "to less stringent standards," they "must nonetheless meet basic jurisdictional requirements." *Michelotti v. United States*, 112 Fed. Cl. 187, 191 (2013) (first quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972), then citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The Tucker Act defines our subject matter jurisdiction. The Act grants this court jurisdiction over certain claims for money damages against the United States founded upon the United States Constitution, federal statutes, executive regulations, or government contracts. 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 215–18 (1983). The Act does not itself create a cause of action; rather, "to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Plaintiff's claims, therefore, "must be . . . for money damages against the United States," and she "must demonstrate that [a] source of substantive law" requires compensation by the United States. *Mitchell*, 463 U.S. at 216–17. The absence of a money-mandating source of law is "fatal" to this court's jurisdiction. *Fisher*, 402 F.3d at 1173.

Plaintiff's claims are beyond our jurisdiction. To begin, plaintiff's request for a writ to compel her release, although not framed as such, amounts to a petition for a writ of habeas corpus, which is outside our jurisdiction. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a prisoner "challeng[es] the very fact or duration of [her] physical confinement" and seeks immediate release, the "sole federal remedy is a writ of habeas corpus"). For one, we have no jurisdiction over habeas claims. *See* 28 U.S.C. § 2241(a) (vesting habeas jurisdiction in the "Supreme Court," circuit courts, and the "district courts"); *Sanders v. United States*, No. 22-2187, 2022 WL 880251, at *3 (Fed. Cl. Mar. 23, 2022) ("The law is clear that this [c]ourt does not possess habeas jurisdiction."). Indeed, we lack any authority to review "district court criminal proceedings"—a critical step if we were to scrutinize the lawfulness of plaintiff's incarceration. *Kenyon v. United States*, 683 F. App'x 945, 949 (Fed. Cir. 2017). Nor, absent limited circumstances, can this court provide equitable relief. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998). In sum, we cannot entertain "claims for injunctive relief related to a prison sentence." *Rivera v. United States*, 105 Fed. Cl. 644, 651 (2012).

Plaintiff's monetary claims fare no better. At the outset, we construe plaintiff's claim that defendant owes her damages for "unlawfully taking," "hous[ing]," and "detain[ing]" her person as arising under 28 U.S.C. § 1495, which provides a monetary remedy for "any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Yet the predicate to relief under § 1495 is that plaintiff must first obtain either a certificate of innocence or a pardon to that effect. *See* 28 U.S.C. § 2513(a)(1)–(2), (b); *Ramos-Quiroz v. United States*, 172 Fed. Cl. 1, 6 (2024); *Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012).

Plaintiff does not allege that she has been pardoned, so she must present some evidence that a district court issued her a certificate of innocence. She presents none. Indeed, plaintiff's current incarceration makes it "likely that [her] conviction has not been reversed or set aside." *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010).

Nor, even if plaintiff asked, could we give plaintiff a certificate of innocence. This court "does not have the power to review and overturn convictions or review in detail the facts surrounding a conviction or imprisonment." *Allen v. United States*, 153 Fed. Cl. 386, 391 (2021). Instead, plaintiff must first go to a district court to obtain a certificate of innocence. *Ash v. United States*, 170 Fed. Cl. 761, 770 (2024). In the meantime, plaintiff cannot litigate her § 1495 claim here before she obtains § 2513 relief elsewhere. *Sykes*, 105 Fed. Cl. at 233.

Plaintiff's Thirteenth Amendment claim is likewise doomed. She asserts that defendant violated her Thirteenth Amendment rights by imprisoning her without her consent. *See* ECF No. 1 at 4–12. But the Thirteenth Amendment is not money-mandating, so we lack jurisdiction. *Ali-Bey v. United States*, 169 Fed. Cl. 729, 734 (2024).

Her taking claim falters too. Although we can adjudicate taking claims, imprisonment is not a Fifth Amendment taking. *See Castro*, 364 F. App'x at 620. Nor is "[t]he human body . . . considered private property for the purposes of a Fifth Amendment Taking." *Bennett v. United States*, 169 Fed. Cl. 486, 498 (2024), *appeal filed*, No. 24-1674 (Fed. Cir. Apr. 11, 2024). Thus, plaintiff does not state a cognizable taking claim.

Plaintiff's torts claim also fails. While plaintiff argues that the Alien Tort Statute (28 U.S.C. § 1350) allows her to sue for international law violations, ECF No. 1 at 10–11, § 1350 is inapplicable for four reasons. First, § 1350 vests alien tort claim jurisdiction exclusively in "district courts," not the Court of Federal Claims. *See* § 1350; *Roberts v. United States*, No. 17-1243C, 2018 WL 774261, at *3 (Fed. Cl. Feb. 8, 2018). Second, plaintiff is not "an alien"[1] eligible to sue under § 1350. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 116 (2d Cir. 2010). Third, this court lacks

---

[1] In her response to defendant's motion, plaintiff claims British citizenship but also alleges prior dual American-British citizenship. *See* ECF No. 10 at 6–9. Plaintiff further asserts that she renounced her American citizenship via written notice to a clerk of court. *Id.* at 7. But the Immigration and Nationality Act recognizes no such citizenship renunciation method. *See* 8 U.S.C. § 1481(a)(1)–(7). Nor has plaintiff met her burden to show loss of citizenship "by a preponderance of the evidence." § 1481(b). Plaintiff is thus an American citizen not subject to § 1350.

6

jurisdiction over tort claims.  § 1491(a)(1).  Fourth, plaintiff does not specify what international law or United States treaty defendant violated.  We therefore lack jurisdiction over plaintiff's § 1350 claim.

Nor can we hear plaintiff's torture claim.  Plaintiff invokes the Torture Victim Protection Act ("TVPA"), alleging defendant tortured her in prison.  ECF No. 1 at 10.  The TVPA creates a civil cause of action against "individual[s]" who, under the "actual or apparent authority" of "any foreign nation," "subjects a[] [plaintiff] to torture."  Torture Victim Protection Act of 1991, Pub. L. No. 102-256, § 2(a)(1), 106 Stat. 73.  But the Tucker Act grants this court jurisdiction only over certain claims against the United States—not foreign individuals.  *See* § 1491(a)(1).  So we cannot adjudicate plaintiff's torture claim because the United States is not an eligible TVPA defendant.  *Zhao v. United States*, 91 Fed. Cl. 95, 100 n.6 (2010).

All told, there are ample reasons to grant defendant's motion to dismiss under Rule 12(b)(1).  In addition, we further find that plaintiff's claims are frivolous under § 1915(e).

Claims predicated on sovereign citizen theories are frivolous.  *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (sovereign citizen legal theories are "summarily rejected" "as frivolous"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (sovereign citizen "theories should be rejected summarily"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (sovereign citizen claims are "without merit" and "patently frivolous").  And "[t]here is no jurisdiction in this court for fictitious claims."  *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022).

Plaintiff's claims are frivolous.  Plaintiff's complaint bears the sovereign citizen movement's common hallmarks.  Plaintiff claims the UCC governs her relationship with defendant, argues that she owns herself as a "corporation," and asserts that she is a "sovereign nation"—all indicia of sovereign citizen ideology.  *Compare* ECF No. 1 at 3–14, *and* ECF No. 10 at 2–5, *with Rivera*, 105 Fed. Cl. at 646 (UCC references pervade sovereign citizen filings), *Ammon v. United States*, 142 Fed. Cl. 210, 214 (2019) (belief that plaintiff is "his own sovereign" the "hallmark of the sovereign citizen movement"), *and Davis v. United States*, No. 09-862C, 2010 WL 1685907, at *1 (Fed. Cl. Apr. 22, 2010) (sovereign citizen plaintiff referring to himself

7

as a "corporate fiction"). Similarly, plaintiff repeatedly distinguishes between her "natural" name (first letters capitalized) and her "corporation" name (all capitals with a copyright sign), which is another sign of sovereign citizen beliefs. *Compare* ECF No. 1 at 1, 10–11, *with Wood v. United States*, 161 Fed. Cl. 30, 34 (2022) ("[S]overeign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized.").

So even if plaintiff does not embrace the sovereign citizen label, we can "construe her claims as rooted in that theory, as the claims and documents mirror those that have been previously brought and dismissed before" us. *Lisa Richardson-Henderson Trust v. United States*, No. 23-cv-1896, 2024 WL 3688527, at *9 n.9 (Fed. Cl. Aug. 6, 2024). And because sovereign citizen claims are "legal fiction," we must dismiss plaintiff's claims as frivolous. *Potter*, 161 Fed. Cl. at 29.

Accordingly, we order the following:

1. Defendant's motion to dismiss (ECF No. 9) is granted. Plaintiff's complaint (ECF No. 1) is dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and under § 1915(e)(2)(B)(i)–(ii) as frivolous and for failure to state a claim on which relief may be granted.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) is denied. As we explained before, plaintiff is three-strikes barred from proceeding *in forma pauperis*. *See* ECF No. 6.
3. Plaintiff's motion to reconsider our three-strikes order (ECF No. 10, Attach. 1) is denied.
4. We certify under § 1915(a)(3) that any appeal of this decision by plaintiff will not be taken in good faith. As a result, "any appeal of this decision may not be taken *in forma pauperis*." *Emiabata v. United States*, 174 Fed. Cl. 74, 82 (2024) (emphasis added).
5. The Clerk of Court is directed to enter judgment accordingly. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
